UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA DEVER,

    Plaintiff,

v.

CHAMPION BUICK GMC, INC.,
and JUAN M. AGUILAR FERNANDEZ,

    Defendants.
_____/

Case No. 2:21-cv-12257
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

# ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 15)

## I.     Introduction

This is a consumer rights case. Plaintiff Cassandra Dever (Dever) sued defendants Champion Buick GMC, Inc. (Champion) and Juan M. Aguilar Fernandez (Fernandez) claiming violation of state and federal law stemming from allegations that defendants tampered with the odometer on a vehicle Dever purchased. *See* Amended Complaint, ECF No. 7. Dever has since dismissed her claims against Champion, *see* ECF No. 10, leaving Fernandez as the sole defendant. Fernandez is proceeding *pro se*. Pretrial proceedings have been referred to the undersigned. (ECF No. 14).

On June 23, 2022, Dever filed a motion to compel discovery and for costs against Fernandez. (ECF No. 15). On that same date, the undersigned issued an order requiring a response, stating "**Fernandez shall file a response to the motion on or before July 14, 2022. A failure to file a response may result in an order granting the motion**." (ECF No. 16, PageID.74) (emphasis in original).

To date, Fernandez has not filed a response and the time for doing so has passed. Accordingly, for the reasons stated below, Dever's motion is GRANTED.

## II.   Background

On May 12, 2022, Dever's counsel served Requests for Production on Fernandez, requesting a response within 30 days as required by the rules. *See* ECF No. 15-3. Fernandez failed to respond. As such, on June 17, 2022, Dever's counsel followed up with a letter sent by regular and priority mail to Fernandez stating in part that the responses were overdue, that the responses were needed prior to his deposition, and the deposition set for June 27, 2022 is adjourned. (ECF No. 15-2, PageID.52). The letter also stated that if responses were not received within one week, counsel would file a motion to compel and seeks costs. (*Id.*) Mail tracking records confirm the letter was delivered. (*Id.* at PageID.54).

## III.   Legal Standard

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

2

of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id*.

Further, under Rule 34(b), a party must file a response to a discovery requests within 30 days. If a party fails to respond, under Rule 37, a party may move for an order compelling disclosure or discovery so long as the movant certifies it has in good faith conferred or attempted to confer with the other party in an effort to obtain the discovery.

IV. Discussion

Here, Dever's counsel has served the discovery requests, to which Fernandez failed to respond or otherwise object. Counsel has certified that he attempted in good faith the obtain the discovery. Fernandez has also failed to respond to the motion to compel, and was warned that a failure to respond may result in an order granting the motion.

3

Under these circumstances, Dever's motion to compel is GRANTED. Fernandez shall file a response to Dever's First Request for Production **within fourteen (14) days of entry of this Order, or on or before August 8, 2022**. Fernandez shall answer or object to each Request for Production in accordance with Rule 33(b) and Rule 34(b)(2).

Dever also requests costs in the amount of $750.00. Under Rule 37,

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, *after giving an opportunity to be heard*, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).

The undersigned will not award costs at this time since Fernandez has not had an opportunity to be heard. However, if Fernandez fails to comply with this Order, Dever may seek costs under Rule 37 and move for any other relief deemed appropriate under the rules and the undersigned will set the matter for hearing. To that end, **Fernandez is on notice that a failure to comply with this Order may result in an order requiring him to pay costs and subject him to other sanctions, including a judgment by default**.

4

SO ORDERED.

Dated: July 25, 2022                  s/Kimberly G. Altman
Detroit, Michigan                  KIMBERLY G. ALTMAN
                                                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2022.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager