UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA DEVER,

    Plaintiff,

v.

JUAN M. AGUILAR FERNANDEZ,

    Defendant.
_____/

Case No. 2:21-cv-12257
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS (ECF No. 18)**

I.    Introduction

This is a consumer rights case. Plaintiff Cassandra Dever (Dever) sued defendants Champion Buick GMC, Inc. (Champion) and Juan M. Aguilar Fernandez (Fernandez) claiming violation of state and federal law stemming from allegations that defendants tampered with the odometer on a vehicle Dever purchased. *See* Amended Complaint, ECF No. 7. Dever has since dismissed her claims against Champion, *see* ECF No. 10, leaving Fernandez as the sole defendant. Fernandez is proceeding *pro se*. Pretrial proceedings have been referred to the undersigned. (ECF No. 14). Before the Court is Fernandez's motion "to appeal or cancel order granting plaintiff motion to compel" which also

1

requests dismissal of the complaint. (ECF No. 18). For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED.

## II. Background

On June 23, 2022, Dever filed a motion to compel discovery and for costs against Fernandez. (ECF No. 15). On that same date, the undersigned issued an order requiring a response, stating "**Fernandez shall file a response to the motion on or before July 14, 2022. A failure to file a response may result in an order granting the motion**." (ECF No. 16, PageID.74) (emphasis in original). Fernandez did not respond to the motion, and on July 25, 2022, the undersigned issued an order granting Dever's motion to compel. (ECF No. 17).

On August 10, 2022, Fernandez filed the instant motion "to appeal or cancel order granting plaintiff motion to compel." (ECF No. 18). In addition to the relief requested in the title of his motion,[1] Fernandez also requests that the Court "dismiss this case against me because I didn't do what they are accusing me of." (*Id.*, PageID.80).

Dever responds that Fernandez has failed to raise a cognizable reason, under Federal Rule of Civil Procedure 12 or any other authority, for Dever's case to be dismissed. The Court agrees.

---

[1] Fernandez's request to have the undersigned's order cancelled is the subject of a separate order.

2

III. Discussion

Under Rule 12(b), the following defenses may be asserted by motion:

**(1)** lack of subject-matter jurisdiction;
**(2)** lack of personal jurisdiction;
**(3)** improper venue;
**(4)** insufficient process;
**(5)** insufficient service of process;
**(6)** failure to state a claim upon which relief can be granted; and
**(7)** failure to join a party under Rule 19.

Fed. R. Civ. P. 12(b). Although Fernandez is proceeding without the assistance of an attorney, the Court " 'should not have to guess at the nature of the claim [or defense] asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Furthermore, the United States Supreme Court has cautioned that pro se litigants must still follow a court's procedural rules:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Fernandez has not highlighted any issue with jurisdiction, venue, or process, nor has he suggested why it might be that Dever has failed to state a claim. On its face, the complaint states a plausible claim for relief against Fernandez for violating the statutes cited therein. Dever has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Therefore, there is no basis to dismiss the case under Rule 12 at this time.

Fernandez suggests he has a factual defense - that he did not commit the offenses of which he is accused. This, however, sounds in summary judgment rather than dismissal. However, Fernandez has not shown at this time "that there is no genuine dispute as to any material fact" or that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Fernandez bears the burden to show he is entitled to summary judgment. *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted). When it comes to Rule 56, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Simply put, Fernandez has not shown that summary judgment is warranted.

IV. Conclusion

For the reasons stated above, Fernandez has failed to demonstrate that he is entitled to dismissal or summary judgment. The undersigned therefore RECOMMENDS that his request for such relief be DENIED.

Dated: August 17, 2022            s/Kimberly G. Altman
Detroit, Michigan                 KIMBERLY G. ALTMAN
                                  United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.   If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2022.

                                          s/Carolyn Ciesla
                                          CAROLYN CIESLA
                                          Case Manager