UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA DEVER,

    Plaintiff,

v.

JUAN M. AGUILAR FERNADEZ,

    Defendant.
_____/

Case No. 2:21-cv-12257
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**ORDER DENYING DEFENDANT'S MOTION TO APPEAL OR CANCEL THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 15)**

    I.    Introduction

This is a consumer rights case. Plaintiff Cassandra Dever (Dever) sued defendants Champion Buick GMC, Inc. (Champion) and Juan M. Aguilar Fernandez (Fernandez) claiming violation of state and federal law stemming from allegations that defendants tampered with the odometer on a vehicle Dever purchased. *See* Amended Complaint, ECF No. 7. Dever has since dismissed her claims against Champion, *see* ECF No. 10, leaving Fernandez as the sole defendant. Fernandez is proceeding *pro se*. Pretrial proceedings have been referred to the undersigned. (ECF No. 14). Before the Court is Fernandez's

1

motion "to appeal or cancel order granting plaintiff motion to compel."[1] (ECF No. 18).  For the reasons that follow, the motion will be DENIED.

## II.   Background

On June 23, 2022, Dever filed a motion to compel discovery and for costs against Fernandez.  (ECF No. 15).  On that same date, the undersigned issued an order requiring a response, stating "**Fernandez shall file a response to the motion on or before July 14, 2022.  A failure to file a response may result in an order granting the motion**."  (ECF No. 16, PageID.74) (emphasis in original).  Fernandez did not respond to the motion, and on July 25, 2022, the undersigned issued an order granting Dever's motion to compel.  (ECF No. 17).

On August 10, 2022, Fernandez filed the instant motion.  Fernandez argues that the order is "wrong" and "unfair" because he had responded truthfully to Dever's discovery requests.  (*Id*., PageID.80).  He attached what are purported to be his responses to Dever's requests for admission, interrogatories, and requests for production, though his responses are not dated.  (*Id*., PageID.81-92).  He did not provide a reason for failing to respond to Dever's motion to compel as ordered by the Court.

---

[1] Fernandez's motion also requested that the case be dismissed, which has been addressed in a separate Report and Recommendation.

2

In response, Dever argues that Fernandez has failed to cite to any rule or authority which would allow him to appeal or cancel the Court's order. She also argues that his responses as attached to his motion are inadequate and do not comply with the Federal Rules. (ECF No. 19).

### III.   Discussion

*Pro se* motions are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the allegations of *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers); *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996) (noting that *pro se* motions must be construed liberally). That being said, the Court " 'should not have to guess at the nature of the claim [or defense] asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

To the extent that Fernandez seeks reconsideration of the Court's order, the local rule provides in relevant part:

> (h)   Motions for Rehearing or Reconsideration.
> …
>   (2)   Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>     (A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

>   (B)  An intervening change in controlling law warrants a different outcome; or
>   (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). Timeliness issues aside, Fernandez had not shown any of these grounds to warrant reconsideration of the Court's order granting Dever's motion to compel.

If Fernandez is seeking to appeal the Court's decision on the motion to compel, Fed. R. Civ. P. 72(a) provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1). Again, putting aside whether the appeal would be timely, his motion does not take the form of an objection to the undersigned's order.

## IV. Conclusion

For the reasons stated above, Fernandez's motion to appeal or cancel the Court's order on Dever's motion to compel is DENIED.

SO ORDERED.

Dated: August 17, 2022  s/Kimberly G. Altman
Detroit, Michigan        KIMBERLY G. ALTMAN
                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2022.

                                                  s/Carolyn Ciesla
                                                  CAROLYN CIESLA
                                                  Case Manager